IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J B INVESTMENT GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FENETTA CRAIG and DARIUS GRAY, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 1:17-cv-4443-TWT-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Darius Gray's application for leave to proceed *in forma pauperis* ("IFP") on his notice of removal of a state dispossessory action against Gray and Defendant Fanetta Craig to this Court. [Doc. 1.] After considering Gray's application, I **GRANT** his request to proceed IFP pursuant to 28 U.S.C. § 1915(a) for the limited purpose of remand. Because this Court does not have subject matter jurisdiction over the removal action, I further

**RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Fulton County.[1]

In the underlying dispossessory action, filed on October 2, 2017, Plaintiff J B Investment Group, LLC ("J B Investment") alleged that it leased premises located in Fulton County to Defendants, but they had failed to pay the rent. [Doc. 1-1 at 10.] J B Investment demanded possession of the premises, past due rent of $5,690.00, and front rent accruing at a rate of $40.00 each day.[2] [*Id.*]

In their notice of removal, Defendants argue that the Court has federal question, diversity, and supplemental jurisdiction over the action. [Doc. 1-1 at 1-3, 5.] They also rely on the federal courts' multiparty, multiforum jurisdiction and their jurisdiction over civil rights cases under 28 U.S.C. § 1443. [*Id.* at 1, 5-6.]

---

[1] Defendants' filings in this case bear Craig's name, but only Gray has signed them. Only Gray has filled out an application for leave to proceed IFP. Moreover, under ordinary circumstances, the Court would require Gray to clarify certain representations in his IFP application before granting him leave to proceed IFP. Despite these deficiencies, to avoid delaying this matter, the Court is granting Gray IFP status and considering the merits of the notice of removal for the limited purpose of remand.

[2] Defendants have also attached to their notice of removal an unrelated dispossessory complaint that does not appear to involve any party involved with this case. [*See* Doc. 1-1 at 12.] It does not appear that Defendants are trying to remove that unrelated case to this Court. To the extent that they are, the Court lacks jurisdiction over that other complaint, just as it lacks jurisdiction over Defendants' dispossessory proceeding, and Defendants are not parties to that other case.

Moreover, Defendants allege, their rights to a jury trial, to a fair trial, and to equal protection have been violated in state court. [*Id.* at 5 & n. 1.]

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-1 at 10.] Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if Defendants wish to raise counterclaims based on their constitutional rights and federal statutes, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

It is also clear to the Court that there is no diversity jurisdiction under 28 U.S.C. § 1332(a). J B Investment's dispossessory claim against Defendants cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy

requirement in § 1332(a). *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy). Further, the demand for rent and other fees was well below $75,000. Thus, the amount in controversy in § 1332(a) is not met. *See* 28 U.S.C. § 1332(a).

Regarding Defendants' argument that this Court has jurisdiction over their dispossessory case under the provisions in § 1443 for the removal of civil rights cases, § 1443(1) provides that a defendant may remove a case initiated in state court if he or she is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A notice of removal under § 1443(1) must show that the right on which the defendant relies arises under federal law "providing for specific civil rights stated in terms of racial equality," and the defendant has been denied or cannot enforce that right in state court. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).

To the extent that Defendants seek to proceed under § 1443(1), they argue that they were denied a jury trial in state magistrate court and generally cite their rights to equal protection and a fair trial. [Doc. 1-1 at 5 & n.1.] These assertions cannot support a claim for removal because § 1443(1) only applies to "specific civil rights stated in terms of racial equality." *See Conley*, 245 F.3d at 1295; *see also id.* at 1295-96 ("[A] defendant's right to a fair trial and equal protection of the laws . . . do[es] not arise from legislation providing for specific civil rights in terms of racial equality[.] Therefore, to the extent [that petitioner] relies upon broad assertions under the Equal Protection Clause . . . , those rights are insufficient to support a valid claim for removal under § 1443(1)." (quotation omitted)).

Defendants also cannot proceed under § 1443(2), which provides a right of removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Supreme Court has held that the first clause in § 1443(2)—referring to "any act under color of authority"—confers the right to remove only upon "federal officers or agents and those authorized to act with them or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824

5

(1966). The second clause—referring to the refusal "to do any act on the ground that it would be inconsistent with such law"—allows removal by state officers. *Id.* at 824 n.22. Defendants' reliance on § 1443(2) is therefore misplaced, because neither of them has alleged or shown that he or she is a federal or state officer or is working for one. *See id.* at 824 & n.22. Finally, nothing in the record suggests that this case involves a mass casualty accident for purposes of proceeding under the multiparty, multiforum provisions in 28 U.S.C. §§ 1369 and 1441(e), and Defendants cannot rely on supplemental jurisdiction because this Court does not have original jurisdiction over the removal action. *See* 28 U.S.C. § 1367(a).

In sum, the Court **GRANTS** Defendant Gray's application for leave to proceed IFP for the limited purpose of remand. [Doc. 1.] Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Fulton County.

IT IS SO ORDERED AND RECOMMENDED this 9th day of November, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge